UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x

UNITED STATES OF AMERICA

    - v. -

CHARLIE HERNANDEZ,

    Defendant.

---------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

24 Cr. 447 (RA)

    WHEREAS, on or about July 25, 2024, CHARLIE HERNANDEZ (the "Defendant"), was charged in a one-count Information, 24 Cr. 447 (RA) (the "Information"), with operation of an unlicensed money transmission business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count One);

    WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count One of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count One of the Information;

    WHEREAS, on or about July 25, 2024, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1): a sum of money equal to $121,215 in United States currency, representing property involved in the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $121,215 in United States currency, representing the amount of property involved in the offense charged in Count One of the Information, $61,215 of which the Defendant is jointly and severally liable for with defendant Sarah Valerio Pujols, *United States v. Sarah Valerio Pujols*, No. 24 Cr. 442 (NRB), to the extent a forfeiture money judgment is entered against Sarah Valerio Pujols in her case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count One of the Information cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Benjamin A. Gianforti, of counsel, and the Defendant and his counsel, Christopher Wright, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $121,215 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count One of the Information, $61,215 of which the Defendant is jointly and severally liable for with defendant Sarah Valerio Pujols, *United States v. Sarah Valerio Pujols*, No. 24 Cr. 442 (NRB), to the extent a forfeiture money judgment is entered against Sarah Valerio Pujols in her case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant CHARLIE

HERNANDEZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____         7/25/24
BENJAMIN A. GIANFORTI                  DATE
Assistant United States Attorney
26 Federal Plaza, 38th Floor
New York, NY 10278
(212) 637-2490


CHARLIE HERNANDEZ

By: _____         7/25/2024
CHARLIE HERNANDEZ                      DATE

By: _____         7/25/2024
CHRISTOPHER WRIGHT, ESQ.,              DATE
Attorney for Defendant


SO ORDERED:

_____              7/26/2024
HONORABLE RONNIE ABRAMS                DATE
UNITED STATES DISTRICT JUDGE